UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO FELIX,<br><br>　　　　　Defendant. | No. 2:14-cr-0040-01 WBS<br><br><br>ORDER |

----oo0oo----

Defendant has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) in which he contends that the penalties as to crimes involving methamphetamine are unconstitutionally vague because he did not and could not have known that drug crimes involving methamphetamine were punished as Schedule II controlled substances, subject to greater penalties than Schedule III controlled substances.  (Docket No. 447.)[1]

---

[1] The court previously denied, for lack of jurisdiction, a prior motion brought by defendant under 18 U.S.C. § 3582(c)(1)(A) while his direct appeal was pending.  (Docket Nos. 434, 435.)

1

            The court assumes, but does not decide, that this type of argument may be raised in a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021) (Sentencing Commission's policy statement regarding what constituted "extraordinary and compelling reasons" was not binding in deciding compassionate release motions).  The court also assumes, but does not decide, that defendant did not waive this argument when he did not raise it before trial, at sentencing, or in his direct appeal.  Nevertheless, the court rejects defendant's argument, as it has been clear for decades that methamphetamine is a Schedule II controlled substance and has been properly classified as such.  See 21 C.F.R. § 1308.12(d); United States v. Durham, 941 F.2d 886, 888-90 (9th Cir. 1991).  Accordingly, defendant's motion (Docket No. 447) is DENIED.[2]

Dated:  December 1, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  The court also denies defendant's request for appointment of counsel in connection with this motion.  There is no right to counsel in connection with a compassionate release motion under 18 U.S.C. § 3582(c).  See United States v. Bond, Case No. LA CR94-563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020) (citing United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir. 1995)).  Further, defendant has been able to articulate the grounds for his requested relief and it is not clear why appointed counsel is necessary.