UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0040 WBS |
| Plaintiff, | |
| v. | ORDER |
| FRANCISCO FELIX, | |
| Defendant. | |

----oo0oo----

After a jury found defendant Francisco Felix guilty of conspiracy to distribute and possess methamphetamine and marijuana and three counts of the illegal use of a communication facility, he was sentenced to 240 months' imprisonment. He now moves pro se to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Docket No. 456.)[1] Defendant contends that a sentence reduction

---

[1] The Office of the Federal Defender has notified the court that it will not assume representation of the defendant with regard to this motion. (Docket No. 458.) The court accordingly expresses no opinion as to any arguments raised by defendant in his request to "withdraw and take out the public defender out of this case." (See Docket No. 457.)

1

is appropriate under (1) Amendment 821's "zero point offender" provision and (2) the First Step Act's 2018 revisions to the "safety valve" provision at 18 U.S.C. § 3553(f).[2]

I.   Zero Point Offender Provision

Under Amendment 821's zero point offender provision, a defendant's total offense level is reduced by two levels if he has no criminal history points and none of the listed disqualifying factors. U.S.S.G. § 4C1.1(a). Among the listed disqualifying factors is if the defendant received an adjustment under U.S.S.G. 3B1.1 for an aggravating role. U.S.S.G. § 4C1.1(a)(10).

Here, the Presentence Report applied a four-level upward adjustment under § 3B1.1(a) for defendant's aggravating role in the offense because defendant was the manager and leader of the charged drug trafficking operation that transported large quantities of controlled substances including methamphetamine, cocaine, and marijuana from Mexico to Northern California. (PSR § 106 (Docket No. 368).) The court adopted the presentence report's calculations and applications of the Guidelines, including the upward adjustment for an aggravating role under § 3B1.1(a)[3], with the exception of an enhancement not at issue

---

[2] The court denied a prior motion for compassionate release in October 2020 because of defendant's pending appeal. He did not refile that motion after the denial of his appeal. In December 2021, the court denied another motion to reduce sentence, which was based on his contention that the penalties for crimes involving meth were unconstitutionally vague. (See Docket No. 452.)

[3] The court declined to apply a certain sentencing enhancement recommended by the probation officer. (SOR 1.) That enhancement is not at issue in this motion.

here.  (Statement of Reasons ("SOR") at 1.)  The court finds no error in the determination that defendant was a manager and leader, nor in the application of this adjustment under § 3B1.1 for defendant's aggravating role.  Because of this disqualifying factor under U.S.S.G. § 4C1.1(a)(10), defendant is ineligible for a sentence reduction under the zero point offender provision.

II.  Safety Valve Relief

Even assuming the First Step Act's amendment to the safety valve provisions under 18 U.S.C. § 3553 was retroactive, the amendment has no effect on defendant's eligibility for safety valve relief.  Under the prior version of 18 U.S.C. § 3553(f)(1), a defendant was ineligible for safety valve relief if he had more than one criminal history point.  Under the First Step Act's amendment to this provision, now certain offenders who have 2, 3, or 4 criminal history points are eligible for safety valve relief.  However, defendant was not assigned any criminal history points by the PSR, which this court adopted.  (PSR ¶¶ 117-118.)  Thus, the First Step's amendment would provide no relief to defendant had it been in effect at the time of sentencing.

Further, the PSR applied an enhancement for his leadership role (PSR § 106), which disqualifies him for any safety valve relief.  See 18 U.S.C. § 3553(f)(4); U.S.S.G. 5C1.2(a)(4).  Once again, the court sees no error in this finding or the enhancement based on this finding.  Thus, defendant has not shown that he should receive a sentencing reduction under the First Step Act, even assuming this provision of the First Step Act applied retroactively.

Because defendant is not eligible for a sentence

reduction under the zero point offender provision of Amendment 821 or the First Step Act's revisions to the safety valve provision of 18 U.S.C. § 3553, his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Docket No. 456) is DENIED.[4]

IT IS SO ORDERED.

Dated: April 21, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because the court denies defendant's motion on these grounds, it does not address the government's alternative arguments in opposition to defendant's motion.

4