UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO FELIX,

Defendant.

No. 2:14-cr-00040 WBS

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

----oo0oo----

Defendant was sentenced to 240 months' imprisonment after a jury found him guilty of conspiracy to distribute and possess methamphetamine and marijuana and three counts of the illegal use of a communication facility. (J. at 1-2 (Docket No. 378).) He now moves pro se to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Docket No. 472.)

A court must conduct a "two-step inquiry" to determine whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th

Cir. 2017) (citing Dillon v. United States, 560 U.S. 817, 826 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. (quoting Dillon, 560 U.S. at 826).

Defendant contends that a sentence reduction is appropriate under Amendment 821's "zero point offender" provision. (Docket No. 472.) See also U.S.S.G. 1B1.10(d) (authorizing retroactive reductions for sentences with guideline ranges lowered by Amendment 821). Under this provision, a defendant's total offense level is reduced by two levels if he has no criminal history points and none of the listed disqualifying factors. U.S.S.G. § 4C1.1(a). Among the listed disqualifying factors is if the defendant received an adjustment under U.S.S.G. § 3B1.1 for an aggravating role. U.S.S.G. § 4C1.1(a)(10).

This court previously found defendant ineligible for a reduction because it had applied the aggravating-role adjustment in determining his offense level at sentencing. (Docket Nos. 469, 471; see also Statement of Reasons at 1.) Upon further review of the record, however, the court has discovered that it did not apply that enhancement. (See Sent. Tr. at 4-5, 8-9, 12, 38-41, 53-54 (Docket No. 415).)

However, a court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); United States v. Ornelas, 825 F.3d 548, 550 (9th Cir. 2016). Here, defendant's guidelines range was determined by his offense level of 42 and criminal history category of I. (Statement of Reasons at 1.) That combination yielded a range of 360 months to life under the 2016 sentencing table. (Id.) If his offense level had been 40 instead, his guidelines range would have been 292 to 365 months. 292 months is well above his current sentence of 240 months. Any reduction would therefore be less than the amended minimum.

Moreover, even assuming defendant were eligible for reduction of his sentence under § 3582(c)(2), considering the revised guidelines range and the § 3553(a) factors, the court would not exercise its discretion to reduce defendant's sentence below the 240-months imposed. Specifically, under the totality of the circumstances in this case, the court does not believe a reduced sentence would properly "reflect the seriousness of the offense" or "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A).

IT IS THEREFORE ORDERED that defendant Francisco Felix's motion to reduce sentence (Docket No. 472) be, and the same hereby is, DENIED.

Dated: October 21, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE